IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Calvin E. Hart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 2763 |
| | ) | |
| Global Credit & Collection Corp., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Calvin E. Hart, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letters violate the FDCPA, and to recover damages for these violations, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Calvin E. Hart ("Hart"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One Services.

4.  Defendant, Global Credit & Collection Corp., ("Global"), is Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. Defendant Global operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Global was acting as a debt collector as to the debt it attempted to collect from Mr. Hart.

5.  Defendant Global is authorized to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>. In fact, Global conducts business in Illinois.

6.  Defendant Global is licensed to act as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, Global acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.  Defendant Global sent Mr. Hart an initial form collection letter, dated November 8, 2010, demanding payment of a delinquent consumer debt owed for a Capital One account. A copy of this letter is attached as Exhibit <u>C</u>.

8.  Only 28 days later, Defendant Global sent Mr. Hart a second form collection letter, dated December 6, 2010, demanding payment for the same debt. This letter stated, in pertinent part:

* * *

## IMMEDIATE PAYMENT REQUESTED!

**Since our last correspondence your account still remains unpaid. We are sending you this notice to advise you that if we are not able to resolve this situation, your account may be referred to an attorney in your area for review.**

As of today's date, we have not received payment of your outstanding account despite a prior request for payment. We will withhold collection activity for 10 days from the date of this letter during which time we expect payment in full.

* * *

A copy of this letter is attached as Exhibit D.

9. All of Defendant Global's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10. Defendant Global's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g – Overshadowing And/Or Ineffectively Conveying The 30-Day Validation Notice

11. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

12. Here, although Defendant Global's first collection letter (Exhibit <u>C</u>) contains the notice required by § 1692g of the FDCPA, Defendant's second collection letter (Exhibit <u>D</u>) renders the validation notice in its first collection letter ineffective. Specifically, the statements in Defendant Global's second collection letter demanding "**IMMEDIATE PAYMENT**", and the threat that "your account may be referred to an attorney in your area", when, in fact, two days remained in the validation period, would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating confusion and a false sense of urgency. Defendant Global's form collection letter thus violates § 1692g of the FDCPA. <u>See</u>, <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501 (7th Cir. 1997); <u>Chauncey v. JDR Recovery Corporation</u>, 118 F.3d 516, 519 (7th Cir. 1997); <u>see</u> <u>also</u>, § 1692g(b).

13. Defendant Global's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Calvin E. Hart, prays that this Court:

1. Find that Defendant's form collection letters violate the FDCPA;

2. Enter judgment in favor of Plaintiff Hart, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Calvin E. Hart, demands trial by jury.

Calvin E. Hart,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: April 26, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com